IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| GATEWAY CHURCH, ROBERT MORRIS EVANGELISTIC ASSOCIATION, INC., ROBERT MORRIS, DEBORAH MORRIS, THOMAS H. MILLER, JR., JOHN D. WILLBANKS, III, KEVIN GROVE, JEREMY CARRASCO, KENNETH W. FAMBRO, II, GAYLAND LAWSHE, DANE MINOR, LAWRENCE SWICEGOOD, STEVE DULIN, CINDY CLEMISHIRE, and JERRY LEE CLEMISHIRE | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:25-cv-3037 |
| Defendants. | § | |

**THE GATEWAY DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Gateway Church; John D. Willbanks, III; Dane Minor; Kenneth W. Fambro, II; Thomas H. Miller, Jr.; Kevin Grove; Jeremy Carrasco; Gayland Lawshe; Lawrence Swicegood; and Steve Dulin (collectively, the "Gateway Defendants") file this Answer and Affirmative Defenses to Plaintiff Church Mutual Insurance Company's ("Church Mutual's") Complaint for Declaratory Judgment as follows:

**I.     ANSWER**

**NATURE OF THE ACTION**

1.     The Gateway Defendants admit that this is an action for declaratory relief. The Gateway Defendants admit that there is a justiciable controversy regarding Church Mutual's duty

to defend but deny that there is a ripened controversy regarding Church Mutual's duty to indemnify. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is necessary, the Gateway Defendants deny the remaining allegations in Paragraph 1.

2.     The Gateway Defendants admit that Church Mutual seeks a judgment from this Court declaring that it has no duty to defend or indemnify the Gateway Defendants under Policy Nos. 0500097 25-694386 and 0500097 25-840892 for claims asserted in an underlying lawsuit styled *Cindy Clemishire and Jerry Lee Clemishire v. Gateway Church, Robert Morris, Deborah Morris, Thomas H. Miller, Jr., John D. Willbanks, III, Kevin Grove, Jeremy Carrasco, Kenneth W. Fambro, II, Gayland Lawshe, Dane Minor, Lawrence Swicegood, Steve Dulin, Robert Morris Evangelistic Association, Inc.*, Case No. DC-25-09684, pending in the 298th District Court of Dallas County, Texas (the "Underlying Lawsuit"). Answering further, the Gateway Defendants deny that Church Mutual is entitled to any such declaration. Except as expressly admitted, the Gateway Defendants deny the remaining allegations in Paragraph 2.

## PARTIES

3.     The Gateway Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3.

4.     The Gateway Defendants admit the allegations in Paragraph 4.

5.     The Gateway Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5.

6.     The Gateway Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6.

7. The Gateway Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7.

8. The Gateway Defendants admit the allegations in Paragraph 8.

9. The Gateway Defendants admit the allegations in Paragraph 9.

10. The Gateway Defendants admit the allegations in Paragraph 10.

11. The Gateway Defendants admit the allegations in Paragraph 11.

12. The Gateway Defendants admit the allegations in Paragraph 12.

13. The Gateway Defendants admit the allegations in Paragraph 13.

14. The Gateway Defendants admit the allegations in Paragraph 14.

15. The Gateway Defendants admit the allegations in Paragraph 15.

16. The Gateway Defendants admit the allegations in Paragraph 16.

17. The Gateway Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17.

18. The Gateway Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18.

## JURISDICTION AND VENUE

19. The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent that a response is necessary, the Gateway Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent that a response is necessary, the Gateway Defendants admit that there is a justiciable controversy regarding Church Mutual's duty to defend but deny that there is a ripened controversy regarding Church Mutual's duty to indemnify.

21. The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent that a response is necessary, the Gateway Defendants admit that the events and omissions giving rise to this declaratory judgment action occurred in this district.

## FACTUAL BACKGROUND

A.  *The Underlying Lawsuit*

22. The Gateway Defendants deny that on July 11, 2025, Cindy Clemishire and Jerry Lee Clemishire filed their Original Complaint in the Underlying Lawsuit (the "Underlying Complaint") against Gateway Church, RMEA, Robert Morris, and others, asserting claims for libel, slander, defamation per se, civil conspiracy, intentional infliction of emotional distress, and unjust enrichment. Answering further, the underlying plaintiffs filed the Underlying Complaint on June 11, 2025. The Gateway Defendants admit that a copy of the Underlying Complaint is attached to Church Mutual's Complaint as Exhibit A. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 22.

23. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.1 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 23.

24. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraphs 4.7-4.8 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 24.

25. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or

completely represented the allegations in Paragraphs 4.13-4.14 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 25.

26. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.17 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 26.

27. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.19 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 27.

28. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.20 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 28.

29. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.30 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 29.

30. The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.32 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 30.

31.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.33 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 31.

32.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.34 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 32.

33.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.35 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 33.

34.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.37 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 34.

35.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations in Paragraph 4.39 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 35.

36.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or

completely represented the claims asserted against the various defendants in the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 36.

37.     The Gateway Defendants aver that the allegations of the Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations made in Paragraphs 3.4 and 6.1-6.4 of the Underlying Complaint. Accordingly, the Gateway Defendants deny the allegations in Paragraph 37.

## B.     The Primary Policies

38.     The Gateway Defendants admit that Church Mutual issued Policy No. 0500097 25-694386 to Gateway Church for the policy period December 31, 2023, to December 31, 2024, and Policy No. 0500097 25-840892 to Gateway Church for the policy period December 31, 2024, to December 31, 2025 (collectively referred to as the "Primary Policies"). The Gateway Defendants aver that the terms of the Primary Policies speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the terms of the Primary Policies in Paragraph 38. The Gateway Defendants admit that they are insureds under the "Primary Policies" and that Church Mutual attached certified copies of the Primary Policies to the Complaint as Exhibits B and C, respectively. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 38.

39.     The Gateway Defendants aver that the terms of the Primary Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 39 include some terms from the Primary Policies but deny the allegations to the extent that they are incomplete or inconsistent with the terms of the Primary Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 39.

40. The Gateway Defendants aver that the terms of the Primary Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 40 include some terms from the Primary Policies but deny the allegations to the extent that they are incomplete or inconsistent with the terms of the Primary Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 40.

41. The Gateway Defendants aver that the terms of the Primary Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 41 include some terms from the Primary Policies but deny the allegations to the extent that they are incomplete or inconsistent with the terms of the Primary Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 41.

42. The Gateway Defendants aver that the terms of the Primary Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 42 include some terms from the Primary Policies but deny the allegations to the extent that they are incomplete or inconsistent with the terms of the Primary Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 42.

43. The Gateway Defendants admit that the allegations in Paragraph 43 accurately quote certain language in the Primary Policies but deny the allegations to the extent that they are inconsistent with the terms of the Primary Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 43.

44. The Gateway Defendants aver that the terms of the Primary Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 44 include some terms from the Primary Policies but deny the allegations to the extent that they are incomplete or

inconsistent with the terms of the Primary Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 44.

C.     *The Umbrella Policies*

45.    The Gateway Defendants admit the allegations in Paragraph 45.

46.    The Gateway Defendants aver that the terms of the Umbrella Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 46 include some terms from the Umbrella Policies but deny the allegations to the extent that they are incomplete or inconsistent with the terms of the Umbrella Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 46.

47.    The Gateway Defendants aver that the terms of the Umbrella Policies speak for themselves. The Gateway Defendants admit that the allegations in Paragraph 47 include some terms from the Umbrella Policies but deny the allegations to the extent that they are incomplete or inconsistent with the terms of the Umbrella Policies. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 47.

D.     *Church Mutual's Coverage Position*

48.    The Gateway Defendants admit that Church Mutual is providing a defense to the Gateway Defendants in the Underlying Lawsuit and that Church Mutual has reserved the right to disclaim coverage under the Commercial General Liability Coverage Form and the Not-For-Profit Management Liability Coverage Form based on alleged application of the Sexual Misconduct Exclusion in those coverages to the claims asserted in the Underlying Lawsuit. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 48.

49.    The Gateway Defendants admit that Church Mutual has disclaimed coverage under the Sexual Misconduct Coverage Form. The Gateway Defendants aver that the allegations of the

Underlying Complaint speak for themselves. The Gateway Defendants deny that Church Mutual has accurately or completely represented the allegations made in the Underlying Complaint. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 49.

50.     Upon information and belief, the Gateway Defendants admit that Church Mutual has denied any duty to defend or indemnify RMEA. The remaining allegations are legal conclusions to which no response is required. To the extent that a response is necessary, the remaining allegations are denied. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 50.

## DECLARATORY JUDGMENT

51.     The Gateway Defendants incorporate their answers to Paragraphs 1-50 as if fully set forth here.

52.     The Gateway Defendants admit that Church Mutual seeks the declaration described in Paragraph 52 but deny that Church Mutual is entitled to such a declaration. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 52.

53.     The Gateway Defendants admit that Church Mutual seeks a declaration that it has no duty to defend or indemnify RMEA in the Underlying Lawsuit. The remaining allegations are legal conclusions to which no response is required. To the extent that a response is necessary, the remaining allegations are denied. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 53.

54.     The Gateway Defendants admit that Church Mutual seeks a declaration that it has no duty to defend or indemnify the Underlying Defendants in the Underlying Lawsuit. The remaining allegations are legal conclusions to which no response is required. To the extent that a

response is necessary, the remaining allegations are denied. Except as expressly admitted, the Gateway Defendants deny the allegations in Paragraph 54.

## PRAYER FOR RELIEF

55. The Gateway Defendants deny that Church Mutual is entitled to any of the relief requested in Paragraph 55.

### II.   AFFIRMATIVE DEFENSES

Further answering the Complaint, the Gateway Defendants plead the following affirmative defenses, re-alleging and incorporating by reference their answers to each of the preceding paragraphs of the Complaint:

### First Affirmative Defense – Ripeness

1. Church Mutual's Complaint fails to state a claim against the Gateway Defendants upon which relief can be granted.

2. Church Mutual's claim for declaratory judgment that it has no duty to indemnify the Gateway Defendants is barred because it is not ripe.

3. The Underlying Lawsuit is still pending.

4. None of the Gateway Defendants have been declared liable to the plaintiffs in the Underlying Lawsuit.

5. None of the Gateway Defendants have settled with the underlying plaintiffs.

6. Any damages for which the Gateway Defendants may be liable are merely speculative.

7. None of the Gateway Defendants have sought indemnity from Church Mutual for the Underlying Lawsuit.

8. Therefore, any claim regarding indemnity is not yet ripe, and this Court is without

jurisdiction to make a declaration regarding Church Mutual's obligation to indemnify the Gateway Defendants in connection with the Underlying Lawsuit.

### Second Affirmative Defense – Failure to State a Claim

9. The claims for relief asserted in the Complaint are barred because Church Mutual has failed to adequately allege grounds for a declaration of no coverage.

10. None of the conditions and/or exclusions on which Church Mutual relies to deny coverage are applicable.

11. The Underlying Complaint does not include claims for "sexual misconduct" as defined in the Primary or Umbrella Policies, nor does "sexual misconduct" form the factual basis for the claims.

12. The underlying facts relate to and form the basis for claims of libel, slander, defamation per se, civil conspiracy, intentional infliction of emotional distress, and unjust enrichment.

13. Church Mutual's Complaint focuses solely on the Primary and Umbrella Policies' Sexual Misconduct Exclusion, which is not triggered by claims of libel, slander, defamation per se, civil conspiracy, intentional infliction of emotional distress, or unjust enrichment.

14. Church Mutual's declaratory judgment action fails to adequately allege grounds for a declaration of non-coverage.

### Third Affirmative Defense – Ambiguous Policy Terms

15. The claims for relief asserted in the Complaint are barred because the conditions and/or exclusions on which Church Mutual relies to deny coverage are ambiguous and therefore must be construed in favor of coverage.

16. The Sexual Misconduct Exclusion in the Primary and Umbrella Policies excludes

coverage for "[a]ny 'claim' arising out of, resulting from, relating to, involving, or in any way connected with, caused by, or allegedly caused by, in whole or in part by the: (1) [a]ctual, alleged, or threatened 'sexual misconduct' of any person; or (2) [i]nsured's negligent hiring or retention, investigation, supervision or training of employees, reporting to the proper authorities or failure to report to the proper authorities' person(s) who committed 'sexual misconduct.'"

17.   The policy terms in the preceding paragraphs are susceptible to more than one reasonable interpretation.

18.   Thus, the terms are ambiguous and must be construed in favor of coverage.

19.   The Gateway Defendants reserve the right to assert additional affirmative defenses that become available or apparent as the litigation proceeds.

Dated: February 9, 2026                                Respectfully submitted,


                                                       /s/ Micah Skidmore
                                                       Micah E. Skidmore
                                                       Texas Bar No. 24046856
                                                       micah.skidmore@haynesboone.com
                                                       Haynes and Boone, LLP
                                                       2801 N. Harwood Street, Suite 2300
                                                       Dallas, Texas 75201
                                                       Telephone:   (214) 651-5654
                                                       Facsimile:   (214) 651-5940

                                                       **ATTORNEY FOR DEFENDANTS GATEWAY CHURCH; THOMAS H. MILLER, JR.; JOHN D. WILLBANKS, III; KEVIN GROVE; JEREMY CARRASCO; KENNETH W. FAMBRO, II; GAYLAND LAWSHE; DANE MINOR; LAWRENCE SWICEGOOD; AND STEVE DULIN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system on February 9, 2026.

*/s/ Micah E. Skidmore*
Micah E. Skidmore
