**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, <br>     *Plaintiff* <br><br> v. <br><br> GATEWAY CHURCH, ROBERT MORRIS EVANGELISTIC ASSOCIATION, INC., ROBERT MORRIS, DEBORAH MORRIS, THOMAS H. MILLER, JR., JOHN D. WILLBANKS, III, KEVIN GROVE, JEREMY CARRASCO, KENNETH W. FAMBRO, II, GAYLAND LAWSHE, DANE MINOR, LAWRENCE SWICEGOOD, STEVE DULIN, CINDY CLEMISIRE, and JERRY LEE CLEMISHIRE <br>     *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:25-cv-3037 |

<u>**DEFENDANTS ROBERT MORRIS AND DEBORAH MORRIS' ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT**</u>

COMES NOW, Defendants Robert Morris and Deborah Morris (hereafter, Defendants the Morrises), by and through their undersigned attorneys, and hereby file *Defendants Robert Morris and Deborah Morris' Original Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment* as follows:

<u>**ANSWER TO ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**</u>

Defendants the Morrises respond to the substance of Plaintiff's allegations in its *Complaint for Declaratory Judgment* as set forth below. References to paragraph numbers are references to the paragraph numbers in *Plaintiff's Complaint for Declaratory Judgment (Complaint)*, Doc. 1. Any allegation or statement in Plaintiff's *Complaint* that is not expressly admitted by Defendants

the Morrises herein is denied.

## NATURE OF THE ACTION

1.      Paragraph 1 is comprised of legal conclusions and/or allegations by Plaintiff, not requiring a response. Defendants the Morrises deny that Plaintiff is entitled to the relief it seeks.

2.      Paragraph 2 is comprised of legal conclusions and/or allegations by Plaintiff, not requiring a response. Defendants the Morrises deny that Plaintiff is entitled to the relief it seeks.

## PARTIES

3.      This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

4.      This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

5.      This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

6.      Defendant Robert Morris denies that he currently resides at 1999 Martin Road, Jacksboro, Texas, but admits that he is a citizen of Texas.

7.      Defendant Deborah Morris denies that she currently resides at 1999 Martin Road, Jacksboro, Texas, but admits that she is a citizen of Texas.

8.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

9.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

10.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

11.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

12.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

13.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response

is required.

14.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

15.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

16.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

17.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

18.    This paragraph is not directed to Defendants the Morrises, involves another party, and thus, Defendants the Morrises lack knowledge or information sufficient to admit or deny the information contained in this paragraph and/or same constitutes conclusions to which no response is required.

## JURISDICTION AND VENUE

19.    The allegations contained in this paragraph contain legal conclusions to which no

response is required.

20.     The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is necessary, Defendants the Morrises deny that there is a ripened controversy regarding Plaintiff's duty to indemnify.

21.     The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that a response is necessary, Defendants the Morrises admit that the events and omissions giving rise to this declaratory judgment action occurred in this district.

## FACTUAL BACKGROUND

### A. The Underlying Lawsuit

22.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in *Cindy Clemishire and Jerry Lee Clemishire v. Gateway Church, Robert Morris, Deborah Morris, Thomas H. Miller, Jr., John D. Willbanks, III, Kevin Grove, Jeremy Carrasco, Kenneth W. Fambro, II, Gayland Lawshe, Dane Minor, Lawrence Swicegood, Steve Dulin, Robert Morris Evangelistic Association, Inc.*, Case No. DC-25-09684, pending in the 298th District Court of Dallas County, Texas (the Underlying Lawsuit).

23.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

24.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

25.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

26.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

27.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

28.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

29.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

30.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

31.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

32.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

33.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

34.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

35.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

36.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

37.     This paragraph purports to recite from pleadings, and thus, Defendants the Morrises

defer to a true and correct copy of the pleadings on file in the Underlying Lawsuit.

### B. The Primary Policies

38.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

39.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

40.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

41.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

42.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

43.    Defendants the Morrises defer and refer to the exact language of a true and correct

and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

44.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

### C. The Umbrella Policies

45.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

46.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify, as applied to Defendants the Morrises, are denied.

47.    Defendants the Morrises defer and refer to the exact language of a true and correct and complete copy of the insurance policies at issue in this lawsuit. Any allegations remaining in this paragraph regarding coverage, including the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

### D. Church Mutual's Coverage Position

48.    The allegations contained in this paragraph constitute legal argument and/or Plaintiff's assertions/allegations, to which no response is required. To the extent a response is

necessary, Defendants the Morrises deny same.

49.    The allegations contained in this paragraph constitute legal argument and/or Plaintiff's assertions/allegations, to which no response is required. Any allegations remaining in this paragraph, including regarding coverages for the duty to defend and indemnify as applied to Defendants the Morrises, are denied.

50.    The allegations contained in this paragraph are directed to another Defendant, constitute legal argument and/or are Plaintiff's assertions/allegations, to which no response is required. To the extent that a response is necessary, the remaining allegations are denied by Defendants the Morrises.

## DECLARATORY JUDGMENT

51.    This paragraph incorporates previous paragraphs 1-50 to which no response is required. To the extent a response is necessary, Defendants the Morrises incorporate their prior responses to Paragraphs 1-50.

52.    This paragraph is a statement of what Plaintiff seeks in this lawsuit and/or legal conclusions, to which no response is required. To the extent a response is required, Defendants the Morrises deny same.

53.    This paragraph is a statement of what Plaintiff seeks in this lawsuit and/or legal conclusions, to which no response is required. To the extent a response is required, Defendants the Morrises deny same.

54.    This paragraph is a statement of what Plaintiff seeks in this lawsuit and/or legal conclusions, to which no response is required. To the extent a response is required, Defendants the Morrises deny same.

## PRAYER FOR RELIEF

55.     Defendants the Morrises deny that Plaintiff is entitled to any of the relief requested in Paragraph 55.

## DEFENDANTS THE MORRISES' AFFIRMATIVE DEFENSES

Further answering the *Complaint*, Defendants the Morrises plead the following separate and alternative affirmative defenses, re-alleging and incorporating by reference their answers to each of the preceding paragraphs of the *Complaint.*

These affirmative defenses are preliminary, without the benefit of all the facts underlying or pertaining to Plaintiff's claims, and therefore, Defendants the Morrises reserve their rights to amend and/or assert additional affirmative defenses as discovery progresses.

### A.     *Ripeness (Or Lack Thereof)*

1.     Plaintiff's *Complaint* fails to state a claim against Defendants the Morrises upon which relief can be granted.

2.     Plaintiff's claim for declaratory judgment that it has no duty to indemnify Defendants the Morrises is barred and/or premature because it is not ripe.

3.     The Underlying Lawsuit is still pending. Defendants the Morrises have not been declared liable to the plaintiffs in the Underlying Lawsuit, and Defendants the Morrises have not settled with the plaintiffs in the Underlying Lawsuit.

4.     Defendants the Morrises have not sought indemnity from Plaintiff for the Underlying Lawsuit.

5.     Any damages for which Defendants the Morrises may be liable are merely speculative.

6.     Any claim regarding indemnity is not yet ripe, and this Court is without jurisdiction

to make a declaration regarding Plaintiff's obligation to indemnify Defendants the Morrises in connection with the Underlying Lawsuit.

### B.    *Failure to State a Claim*

7.    The claims for relief asserted in the *Complaint* are barred because Plaintiff has failed to adequately allege grounds for a declaration of no coverage.

8.    The conditions and/or exclusions on which Plaintiff relies to deny coverage are not applicable.

9.    The complaint in the Underlying Lawsuit does not include claims for "sexual misconduct" as defined in the subject insurance policies made the basis of this lawsuit, nor does "sexual misconduct" form the factual basis for the claims. The facts in the Underlying Lawsuit relate to and form the basis for other claims pled.

10.    Plaintiff's *Complaint* focuses on the subject insurance policies' Sexual Misconduct Exclusion, which is not triggered by the other claims pled.

11.    Plaintiff's declaratory judgment action fails to adequately allege grounds for a declaration of non-coverage.

### C.    *Ambiguous Policy Terms*

12.    The claims for relief asserted in Plaintiff's *Complaint* are barred because the conditions and/or exclusions on which Plaintiff relies to deny coverage are ambiguous, and therefore, must be construed in favor of coverage.

13.    The Sexual Misconduct Exclusion policy terms in the subject insurance policies are susceptible to more than one reasonable interpretation.

14.    Thus, the terms are ambiguous and must be construed in favor of coverage.

## DEFENDANTS THE MORRISES' PRAYER

For these reasons, Defendants the Morrises respectfully request that the Court enter judgment as follows:

1. That Plaintiff takes nothing by its *Complaint.* That this Court deny Plaintiff's claims for declaratory judgment. To the extent that any judgment is rendered, it should be in favor of Defendants the Morrises;

2. That Defendants the Morrises recover their expert witness fees, attorneys' fees and court costs; and

3. For such other and further relief as the Court may deem reasonable as to Defendants the Morrises.

FILED this 23rd day of June 2026.

Respectfully submitted,

By: */s/ Mark A. Ticer*
Mark A. Ticer
State Bar #20018900
mticer@ticerlaw.com
Jennifer W. Johnson
State Bar #24060029
jjohnson@ticerlaw.com

**LAW OFFICE OF MARK A. TICER**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 219-4220
(214) 219-4218 (FAX)

*ATTORNEYS FOR DEFENDANTS*
*ROBERT MORRIS and DEBORAH MORRIS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served, *via electronic service*, on the 23rd day of June 2026 to all counsel of record.

<u>*/s/ Mark A. Ticer*</u>
Mark A. Ticer